*John D. Craddack, for appellant.    Moss, for appellee.*

---

BOONE COUNTY NATIONAL BANK v. JOHN E. CLEMENTS.

**Breach of Contract—Recovery of Damages—Set-Off.**
Where there is a contract for the sale of chattels, and a note is given and the contract is breached by the vendor, the damaged party may plead facts showing his damages as a set-off to a suit on said note.

**Election of Remedies.**
Where a contract for the sale of chattels is broken, the injured party may elect to sue for the contract price or for damages sustained by him by reason of the breach of contract.

**Measure of Damages.**
When a contract for the purchase of goods is broken by the vendor, the vendee may set-off the amount of difference between the price to be paid for the goods and what they were worth.

APPEAL FROM BULLITT CIRCUIT COURT.

January 3, 1877.

OPINION BY JUDGE PRYOR:

The testimony establishes beyond any doubt that there was a contract between Clements and McAfee, by the terms of which McAfee purchased unconditionally the stock of goods owned by Clements.

It is equally as well established that prior to the making of this contract McAfee had pledged the note he held on Clements to the Boone National Bank to secure the payment of an indebtedness by him to that bank. As McAfee failed to take the goods or comply with his contract, the appellee, Clements, was entitled to recover the damages he had sustained and to plead them as a set-off to the note sued on, McAfee being a non-resident and insolvent. It is not necessary to determine the effect of a pledge of such a note as a collateral, the obligor having notice of the transfer, as we concur with counsel for the appellee that no such notice was given to Clements as would prevent him from relying on the set-off. Tucker, a disinterested party, says that Clements was informed by McAfee that he held all the notes and had collected enough from Benton to discharge his indebtedness to the bank, and although this is controverted by McAfee, his position in the case precludes the court from attaching much importance to his statements upon this subject.

The stock of goods invoiced amounted to a little over seven thousand dollars and were sold by the sheriff or marshal for about twenty-five hundred dollars. In estimating the damages the chancellor has made the sale by the marshal the criterion as to the value, and taking that from the price agreed to be paid, has rendered a judgment against McAfee of five thousand dollars. This is manifestly wrong. The appellee had the right to treat the goods as the property of McAfee and sue him for the contract price, or recover of him the damages he had sustained by reason of his failure to perform its stipulations. The criterion in such a case is the difference between the price to be paid and what the goods were worth. After McAfee had violated his contract the appellee consulted with his creditors, and at his instance they were induced to treat the goods as the appellee's property; nor did the appellee at any time, either when the levy was made of McAfee's attachment or execution, or when other creditors attached, claim that the goods belonged to McAfee; but on the contrary, he stood by and encouraged his own creditors to make their money out of the goods. The fact that

McAfee made the levy, or had it done, and that other creditors interposed for the purpose of making their debts, cannot enter into any estimate of damages sustained by the appellee. As creditors they had the right to make the levy, and if the goods were sold at a sacrifice it was their fault. The appellee treated the goods as his own after McAfee had violated his contract, and the proceeds of sale were applied to the payment of his own debts.

The inquiry then is—what was the difference in amount between the price to be paid and the real value of the goods, to which may be added the loss of time and cost incurred, if any, in invoicing the goods. The executions were levied in a few days after the sale, and there was no loss of employment that could properly be included in the estimate of damage. Upon the facts of this case the criterion given above must govern the action of the court below, and upon this point additional proof may be taken. The judgment as to the bank and McAfee is *reversed* and the cause remanded for further proceedings consistent with this opinion.

*W. E. McAfee, for appellant.*

*Bodiley, Sumrall & Bodiley, for appellee.*